HALE'S CUT RATE DRUG STORE, Plaintiff-in-Error, v. STATE OF TENNESSEE for Use and Benefit of CITY OF NASHVILLE, Defendant - in - Error (five cases). —321 S. W. (2d) 262.

Middle Division at Nashville.   March 28, 1958.

Certiorari denied by Supreme Court September 1, 1958.

Elkin Garfinkle, Z. T. Osborn, Jr., Nashville, for plaintiff in error.

Ben Roskin, Nashville, for defendant in error.

CARNEY, J. The defendant below, Hale's Cut Rate Drug Stores, a corporation, has appealed from a judgment rendered against it by the Circuit Court of Davidson County, Tennessee, in favor of the City of Nashville in the amount of $4,041.86 which represents ad valorem taxes, interest, penalty, etc. for the years 1954 and 1955. The plaintiff-in-error, Hale's Cut Rate Drug Stores, operates five different stores in the City of Nashville, Tennessee, and ad valorem taxes were assessed against each of the stores separately.

A distress warrant was issued by the city comptroller for the collection of said ad valorem taxes and the officer levied a garnishment on each of said distress warrants against the bank accounts of plaintiff-in-error. The garn-

ishments were returned before the General Sessions Court of Davidson County and judgments rendered in each case in favor of Hale's Cut Rate Drug Stores. Upon an appeal to the Circuit Court by the City of Nashville the five cases were tried together and the Circuit Judge rendered judgment in favor of the City and against the contention of the taxpayer, Hale's Cut Rate Drug Stores.

It was the contention in the court below and it is the contention of the plaintiff-in-error in this court that the assessments as shown by the tax rolls in the office of the city comptroller are void because the assessments do not bear dollar marks or decimal points and that therefore, the distress warrants which were issued for the collection of said assessments are void and for nothing to be held.

The charter of the City of Nashville was enacted by Chapter 246 of the Private Acts of Tennessee of 1947. Under the authority of Article 19 of said Chapter the Board of City Tax Equalization made increases in the assessments of the plaintiff-in-error's ad valorem at all five locations. The assessments as made by the Board of Equalization bore dollar marks and decimal points and were unappealed from and were forwarded to the city comptroller as required by law.

From the assessments made by the City Board of Tax Equalization a tax roll was prepared and filed in the office of the city comptroller. A photostatic copy of the tax schedule for merchants' ad valorem as kept in the office of the city comptroller is filed in the record. Apparently the tax rolls consisted of wide loose leaf ledger sheets ruled with several columns across the page. We copy a portion of said tax schedule as follows:

## Tax Schedule 1955

"Merchants Ad Valorem      City of Nashville

| Name and Address | Description of Property | Receipt Number | Valuation | Total Tax | 1st Half Tax |
|---|---|---|---|---|---|
| Hales Cut Rate Drug Co. 2825 West End Ave. Nashville, Tenn. | 2825 West End Ave. Drugs etc. | 766 | 150 00 | 375 00 | 187 50 |
| Hales Cut Rate Drug Co. 300 5th Ave. So. Nashville, Tenn. | 300 5th Ave. So. Warehouse | 767 | 200 00 | 500 00 | 250 00 |
| Hales Cut Rate Drug Co. 308 3rd Ave. No. Nashville, Tenn. | 308 3rd Ave. No. Drugs etc. | 768 | 75 00 | 187 50 | 93 75 |
| Hales Cut Rate Drug Co. 216 5th Ave. No. Nashville, Tenn. | 216 5th Ave. No. Drugs etc. | 769 | 125 00 | 312 50 | 156 25 |
| Hales Cut Rate Drug Co. 4920 Charlotte Ave. Nashville, Tenn. | 4920 Charlotte Ave. Drugs etc. | 770 | 70 00 | 175 00 | 87 50" |

Upon failure of the taxpayer to pay the taxes within the time prescribed by law distress warrants were issued against said Hale's Cut Rate Drug Stores and garnishments were levied as above set out.

Upon the trial in Circuit Court the City proved that the taxpayer, Hale's Cut Rate Drug Stores, appeared by attorney before the Board of Tax Equalization and fully understood the amount of assessments as made by the

Board of Tax Equalization and failed to appeal therefrom to the State Board of Equalization as provided by Article 19 of Chapter 246 of the Private Acts of 1947.

██ It was the insistence in the Circuit Court as it is in this court by Hale's Cut Rate Drug Stores that the legality of the distress warrants issued against plaintiff-in-error must stand or fall upon the validity of the assessments as shown by the tax roll or schedule in the office of the city comptroller as copied above. With this insistence we agree.

In the case of State ex rel. Bonner v. Andrews, 1914, 131 Tenn. 554, at page 581, 175 S. W. 563, at page 569, the Supreme Court of Tennessee held that where a tax assessment contained figures and ruled columns but no dollar marks the assessment was void and that a writ of scire facias issued to show cause why distress warrants should not issue on said assessment must also fall because of the invalidity of the assessment.

In the case of Barnes v. Brown, 1901, 1 Tenn. Ch. App. 726, 739, it was held that the absence of a dollar mark on the tax books was fatal to the assessment, citing Randolph v. Metcalf, 46 Tenn. 400, and Anderson v. Post, Tenn. Ch., 38 S. W. 283.

In the Barnes case it was shown that the form of tax book had been used for ten years in Blount County and was customarily used in about twenty other counties of upper east Tennessee. In the Barnes case there was a red perpendicular line used in place of a decimal point but no dollar marks. In the present case there are no dollar marks, no decimal points and no perpendicular lines. If we were to assume that the spacing was used in lieu of a decimal point then such construction would

mean that for the location at 2825 West End Ave. Hale's Cut Rate Drug Store's ad valorem assessment was $150.-00 with a total tax of $375.00.

. █ Upon the authority of State ex rel. Bonner v. Andrews, supra, we hold the assessments of the plaintiff-in-error's ad valorem as shown by the tax rolls and the office of the city comptroller to be illegal and void and that the distress warrants issued thereon must necessarily be held void.

Also if the assessments are void and the distress warrants are void there can be no valid garnishments or judgments under the assessments . or the distress warrants and we hold that His Honor the Circuit Judge was in error in rendering a judgment against the plaintiff-in-error for any amount. See Am. Jur., Taxation, page 633, sub-section (d) "Assessment Rolls and Books." Assignment of error No. 1 is sustained.

█ The defendant-in-error, City of Nashville, insists that the plaintiff-in-error is estopped to question the legality of the assessments as shown on the tax rolls and the legality of the distress warrants issued thereon because the plaintiff-in-error did not appeal to the State Board of Equalization from the action of the City Board of Tax Equalization in increasing the plaintiff-in-error's assessments. With this contention we must respectfully disagree.

The action of the City Board of Tax Equalization in making an increase in the plaintiff-in-error's assessments is not under attack. Plaintiff-in-error's assault is leveled at the failure of the City Board of Tax Equalization or the city comptroller or other city official in charge of preparing the tax rolls. Such Board or person has failed

to prepare and file a tax roll showing a valid assessment upon which a valid distress warrant may be issued for non-payment of taxes due the City of Nashville. In our opinion plaintiff-in-error is entitled to attack the validity of the assessment as shown on the tax rolls or tax schedule in this cause without having appealed to the State Board of Equalization. Nashville Labor Temple Co. v. City of Nashville, 146 Tenn. 429, 441, 243 S. W. 78, 23 A. L. R. 807.

From the action we have taken hereinabove we find it unnecessary and improper to consider the other assignments of error. A judgment will be entered in this court reversing the lower court and adjudging the distress warrants issued by the city comptroller to be void and rendering judgment in favor of the plaintiff-in-error, Hale's Cut Rate Drug Stores. The costs of this appeal and the costs of the cause below will be adjudged against the defendant-in-error, City of Nashville.

Felts and Shriver, JJ., concur.